# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Reginald C. Sweat, #257472, | ) C/A No. 9:08-cv-3095-HFF-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Harold Walker, Officer Williams and | ) |
| Lt. Buford, | ) |
| | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to Title 42, United States Code, Section 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights while he was incarcerated at the Alvin S. Glenn Detention Center in Richland County, South Carolina. The named defendants are employees of the Detention Center.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on January 16, 2009. While Plaintiff has attached copies of two grievances to his motion, he has not submitted any evidence in support of his claims with his motion. Rather, Plaintiff essentially reiterates the allegations of his complaint in his motion for summary judgment.

The Defendants filed a memorandum in opposition to the Plaintiff's motion on February 3, 2009, noting that Plaintiff had set forth no legal or statutory basis on which the Court should rule in his favor and grant summary judgment. Plaintiff thereafter filed a reply brief in which he again reiterated many of his allegations. In order to be entitled to summary judgment, however,

1



Plaintiff must present evidence to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Rule 56(c)) Fed.R.Civ.P. He has failed to submit any such evidence, and he is not entitled to summary judgment against the Defendants based on the mere allegations of his complaint.

Therefore, it is recommended that the Plaintiff's motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 17, 2009
Charleston, South Carolina

2



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

