

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| REGINALD C SWEAT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:08-3095-HFF-BM |
| | § | |
| HAROLD WALKER, OFFICER WILLIAMS, | § | |
| and LT. BUFORD, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 17, 2009, however, Plaintiff failed to file any specific objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

However, Plaintiff did file a motion for partial summary judgment as to his personal injury claims on March 19, 2009. In his motion he asserts that Defendants admitted to his allegations. However, Defendants filed a response on April 6, 2009, specifically denying Plaintiff's claims. Based on these filings and the information discussed in the Report, the Court finds that there is a genuine issue as to a material fact which precludes the entry of partial summary judgment as to Plaintiff's personal injury claims. *See* Fed. R. Civ. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that the movant is entitled to judgment as a matter of law."). Thus, Plaintiff's motion for partial summary judgment will be denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that that Plaintiff's motion for summary judgment is **DENIED**. Further, Plaintiff's more recent motion for partial summary judgment is also **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of April, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.