

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| REGINALD C. SWEAT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:08-3095-HFF-BM |
| | § | |
| HAROLD WALKER, OFFICER WILLIAMS, | § | |
| and LT. BUFORD, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted with prejudice as to Plaintiff's slip and fall claim in the shower and also that Plaintiff's claim regarding a snake in Inmate Nelson's food be dismissed without prejudice for failure to exhaust administrative remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 15, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on July 22, 2009.

Plaintiff's complaint and amended complaint address two distinct issues: (1) shower conditions and an alleged injury he received from those conditions, and (2) an incident concerning a snake in another inmate's food.* The Magistrate Judge concluded that Plaintiff's snake claim should be dismissed because he failed to exhaust his administrative remedies. However, the Magistrate Judge concluded that Plaintiff had properly exhausted his shower conditions claim and proceeded to address that claim on the merits.

In the first paragraph of his objections, Plaintiff appears to misconstrue the Magistrate Judge's recommendation. He maintains that he attempted in good faith to exhaust his administrative remedies with respect to his injury claim related to shower conditions. However, on page eleven of the Report, the Magistrate sided with Plaintiff on this argument and concluded that Defendants had failed to meet their burden on exhaustion with respect to shower incident. The Court agrees with that determination.

Plaintiff goes on in his objections to complain about how his grievances related to his injury from the slippery shower conditions were handled, but, as discussed above, Defendants' handling of Plaintiff's grievances had no bearing on the Magistrate Judge's recommendation as to the shower conditions claim. Thus, his objections in this regard are without merit.

---

*In recent filings after the Report was issued, Plaintiff attempted to assert a third claim arising out of the prison's handling of his grievance petitions. However, Plaintiff has withdrawn that claim and it will not be addressed here. (Docket Entry 86.)

2

Additionally, Plaintiff accuses Defendants of committing perjury in their filings to the Court, and he has since filed a motion for sanctions connected to this allegation. He maintains that Defendants knew the shower posed a risk because the shower beside the one he fell in had rubber mats. Even if this is true, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a constitutional claim because he has failed to present any evidence that Defendants acted with deliberate indifference or with a culpable state of mind in connection with shower conditions. Further, as to Plaintiff's motion for sanctions, such conclusory allegations fail to warrant any sanction. Therefore, Plaintiff's motion will be denied.

Plaintiff has subsequently filed a "motion for de novo review." As noted above, the Court has engaged in de novo review as to the specific objections made by Plaintiff. Therefore, this motion is moot.

As indicated in the footnote above, Plaintiff's latest filing states that he wishes to withdraw his claims of various constitutional violations connected with the Allen S. Glenn Detention Center's grievance procedure. He further asserts that he would like to file a new complaint related to these claims. Without commenting on the merits of such claims, the Court directs the Clerk's office to send a copy of the filing forms for pro se state prisoners to Plaintiff along with a copy of this Order.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment be **GRANTED** *with prejudice* as to Plaintiff's injury and shower conditions claim and also that Plaintiff's claim regarding a snake in Inmate Nelson's food be **DISMISSED** *without prejudice* for failure to exhaust administrative remedies.

Further, Plaintiff's motion for de novo review is **MOOT**, and Plaintiff's motion for sanctions is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.